No. 35,559

THOMAS C. FORBES and HAROLD G. FORBES, *Appellee* and *Cross-appellants,* v. GILBERT C. WHITSITT, as an Individual and as Administrator with the Will Annexed, etc., *Appellant.*

(127 P. 2d 450)

Opinion filed July 11, 1942.

*Roscoe W. Graves,* of Emporia, argued the cause for the appellant.

*Thomas C. Forbes,* of Eureka, argued the cause, and *Harold G. Forbes* and *Frank T. Forbes,* both of Eureka, were on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is a claim for an attorney's fee filed in the probate court against an administrator of an estate as administrator and as an individual. The probate court allowed a fee. On appeal the district court allowed a fee. The administrator has appealed from that judgment.

When the appeal was taken from the probate court the district court ordered the parties to file additional pleadings. Accordingly claimants filed a pleading which they have designated a "Bill of Particulars." In this they alleged as a first cause of action that they had been employed by one Gilbert C. Whitsitt individually and as administrator to perform certain services as his attorneys; that pursuant to this employment they prepared objections to the admission to probate of the last will and testament of Elizabeth Lewis Whitsitt, the deceased wife of Lewis Whitsitt; that if said instrument should be admitted to probate they were to secure his appointment as administrator, also to enforce the collection of a claim of Elizabeth against the estate of her mother; to bring an action to construe the will if it should be admitted to probate; and to represent Whitsitt in all matters relating to the administration of the

estate; that pursuant to this employment the claimants did oppose admission of the will to probate. When it was admitted to probate they secured the appointment of Whitsitt as administrator and they presented a claim of Elizabeth against the estate of Olivia E. Lewis, which was finally settled for the sum of $875; that they secured an order from the probate court authorizing Whitsitt to bring an action to construe the will; that they did bring such action and obtained a judgment, which was affirmed in the supreme court, to the effect that under the terms of Elizabeth's will Gilbert became the owner in fee simple of all of the property left by Elizabeth; that on the 18th of October, 1940, Whitsitt paid a claim for $200 on expenses; that when notice of appeal of the will-construction case to the supreme court was filed Whitsitt agreed with the claimants that they should proceed to represent him in the action in the supreme court and that he would pay $4,000 therefor and $1,000 of this was paid at that time; that in accordance with the agreement they proceeded to present the appeal to the supreme court and secured an affirmance of the judgment; the bill of particulars further stated that no claims were ever filed against Elizabeth's estate and all the legal services performed by claimants inured directly to Whitsitt as her only heir; that oral demands had been made upon Whitsitt for the unpaid balance of $3,000; that he refused to pay it. Judgment was requested for that amount.

The bill of particulars also contained a second cause of action in which the claimants made the statement of their first cause of action a part. It alleged further that the reasonable and fair value of their services was $4,000 together with the expenses in the amount of $300; that they had been paid $200 to apply on expenses and $1,000 to apply on the fee. Judgment was prayed in that cause of action for $3,100, with interest.

Gilbert Whitsitt filed no pleading as an individual, but as administrator he filed an answer in which he admitted the contract of employment and that the claimants had performed all the services incident to the administration of the estate and the construction of the will and denied all other allegations, especially that the reasonable value of the services performed by claimants was $4,300 and alleged that $1,200 would be the fair and reasonable value.

The administrator also demurred to the first cause of action because it attempted to allege a contract of employment entered into

by the administrator, which contract it was alleged would not be binding upon the administrator.

At the outset of the trial it was stipulated that the claims of the claimant against Whitsitt as administrator and as an individual be heard together.

Both of the claimants testified as to the contract of employment; as to the work done in preparing the various matters for trial and giving them the necessary attention in court. In addition to that various reputable and able lawyers testified as to the reasonable value of the services performed by claimants. One lawyer said that the fair and reasonable compensation would be from $4,000 to $5,500. This was a lawyer who had been engaged in some litigation on the other side. Another lawyer said that the amount claimants testified was agreed upon, that is, $4,000, would be reasonable. Another one put the figure from $4,000 to $5,000. Another lawyer, a former distinguished district judge in this state, stated the fair and reasonable fee would be $4,000.

The trial court heard all this evidence and other evidence of the claimants and of Whitsitt. There was some testimony as to the contract to pay the $4,000 which claimant claimed had been entered into. The district judge who tried this case was the same district judge before whom the action to construe the will was tried. (See *Whitsitt v. Mulkey,* 154 Kan. 138, 114 P. 2d 836.) He was familiar to a certain extent with the work that had been involved. The trial court having heard all this evidence, recited the services which had been performed by the claimants, and in ascertaining the reasonable value of the services said that he considered:

"(a) The nature of the litigation, the time and labor required, the amount involved and the benefits, if any, resulting to the client from the litigation and services rendered.

"(b) The novelty and difficulty of the questions involved and the skill requisite properly to conduct the case, together with the capacity and fitness of the lawyer for the required work.

"(c) The customary charges of the Bar for similar services.

"(d) The character of the employment—whether casual or for an established client, together with the contingency or certainty of the compensation."

Appellant makes an extended argument in this court on the question of the value of the estate that came to him as a result of the litigation carried on for him by claimants. He argues that the record did not justify a finding that the value of this estate was anywhere near as great as the court held it to be. The value of the

property obtained as a result of the services of a lawyer is not, however, the only criterion as to the value of the services.

In 5 Am. Jur. 379, the rule is stated as follows:

"In the absence of an express contract of employment between an attorney and his client fixing the amount of the attorney's compensation, it is generally held that the attorney is entitled to what his services are reasonably worth, or what has usually been paid to others for similar services. The determination of this depends largely upon the circumstances of the particular case. Among other things to be considered are the importance and results of the case, the difficulties thereof, the degree of professional skill and ability required and exercised, the skill, experience, and professional standing of the attorney, and the prominence of character of the parties, where it affects the importance of the litigation, as well as the amount or values involved or recovered. The value of the services of an attorney is necessarily to be determined by many considerations besides the mere time visibly employed in the conduct of a suit, although in the absence of other evidence, the court must be guided in estimating the value of attorney's services by the time or amount of labor performed as indicated by the record."

See, also, 6 C. J. 748, 9 A. L. R. 239; also Rule 12, Canons of Professional Ethics adopted by the American Bar Association and the Kansas Bar Association.

Furthermore, there was substantial evidence to warrant the trial court in making the finding it did make as to the value of the estate and other facts.

The trial court applied the above rules to the facts and found that the services of claimants were reasonably worth $3,000, which amount included the necessary expenses. When the $1,200, which had been paid, was deducted from this it left $1,800. Judgment was given for this amount. We find no reason for disturbing this judgment.

The claimants have filed a cross appeal in which they contend that they were entitled to the amount of a fee which they testified was agreed upon. The trial court heard all the evidence on this point and by its action in fixing the fee on the reasonable value of the services found in effect that the contract had not been made. We are unable to find a basis upon appeal to overturn this conclusion.

The judgment of the trial court is affirmed.